# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| ROBERT TODD APPLEGATE,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:16-cv-05059-FVS<br><br>REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 13, 16 |
|---|---|

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 13, 16. This matter has been referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF Nos. 14, 19. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, IT IS RECOMMENDED Plaintiff's Motion (ECF No. 13) be granted and Defendant's Motion (ECF No. 16) be denied.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability income benefits and Title XVI supplemental security income on September 19, 2012. Tr. 96, 235-41, 256. Plaintiff alleged an onset date of May 1, 2005. Tr. 235, 256. The application was denied initially, Tr. 156-62, and on reconsideration, Tr. 165-68. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on September 10, 2014. Tr. 50-93. On November 4, 2014, the ALJ denied Plaintiff's claim. Tr. 25-36.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 1, 2005, the alleged onset date. Tr. 27. At step two, the ALJ found Plaintiff has the following severe impairments: asthma, mast cell activation syndrome; attention deficit disorder; depression; and anxiety disorder. Tr. 27. At step three, the ALJ found Plaintiff

1 does not have an impairment or combination of impairments that meets or
2 medically equals the severity of a listed impairment. Tr. 28. The ALJ then
3 concluded that Plaintiff has the RFC to perform medium work with the following
4 additional limitations:

> [He] can frequently stoop, kneel, crouch, crawl, and balance. He is limited to occasional climbing of ladders, ropes, and scaffolds, but climbing of ramps and stairs can be done on a frequent basis. The claimant can reach overhead with his left upper extremity on an occasional basis, and reaching in all other directions with his left upper extremity is frequent. He must avoid concentrated exposure to extreme temperatures and pulmonary irritants. The claimant is able to understand, remember, and carry out simple, routine, repetitive tasks and instructions and he is able to maintain attention and concentration on simple, routine, repetitive tasks for two hour intervals between regularly scheduled breaks. The claimant can maintain a productive pace over a forty hour work week on simple, routine, repetitive tasks. Finally, the claimant can have no interaction with the public and only superficial interaction (defined as non-collaborative) with his co-workers in no more than small groups.

Tr. 30.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 35. At step five, after considering the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as small products assembler, checker, or inspector/packer. Tr. 36. Thus, the ALJ concluded Plaintiff has not been under a disability from May 1, 2005, through the date of the decision. Tr. 36.

On March 4, 2016, the Appeals Council denied review of the ALJ's decision, Tr. 1-5, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

    1.    Whether the ALJ adequately developed the record;

    2.    Whether the ALJ properly found Plaintiff less than fully credible; and

    3.    Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 13 at 5-20.

## DISCUSSION

**A.    Duty to Develop the Record**

Plaintiff contends the ALJ failed to properly develop the record regarding mast cell activation syndrome and his mental impairments. ECF No. 13 at 5-9. In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The

regulations provide that if the evidence is insufficient or inconclusive regarding the disability determination, the ALJ may attempt to obtain additional evidence. 20 C.F.R. §§ 404.1520b, 416.920b;[1] *see also* 20 C.F.R. §§ 404.1519a, 416.919a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998).

    *1.    Minh Vu, M.D.*

Plaintiff contends the ALJ should have sent additional medical evidence to the medical expert, Minh Vu, M.D., regarding Plaintiff's mast cell syndrome. ECF No. 13 at 5-7. Dr. Vu testified that the impairments of record include complaints about the major joints, hypertension, asthma, and gastrointestinal complaints. Tr. 57. He recommended a medium work restriction for respiratory issues like exposure to dust and fumes. Tr. 57. Dr. Vu testified that although he accepted the diagnosis of mastocytosis, he found no limitations arising from the condition

---

[1] These regulations were revised effective March 17, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5867 (January 18, 2017). Since the revision was not effective at the time of the ALJ's decision, it does not apply to this case.

because he did not identify any objective findings indicating the severity of Plaintiff's symptoms.[2] Tr. 59-61.

After the hearing, Plaintiff's counsel sent the ALJ a letter dated September 16, 2014, from James Cunningham, M.D., the treating oncologist, which discussed the objective evidence of Plaintiff's mastocytosis. Tr. 221-22, 682. Dr. Cunningham noted that mastocytosis is a "comparatively recently discovered diagnostic category" and mast cell disorder syndrome is "a functional impairment in the immune systems [sic] ability to moderate the response of [] inflammatory cells to provocative stimuli." Tr. 682. Dr. Cunningham indicated objective test results confirm Plaintiff's abnormal mast cell response to provocative stimuli. Tr. 682. Plaintiff also provided a progress notes from his allergist, Dr. Amirzadeh, dated September 17, 2014, noting Plaintiff's symptoms and including a journal article about mast cell activation syndrome. Tr. 221-22, 683-96.

---

[2] Dr. Vu testified, "he has mastocytosis, which I don't argue with that. . . . It doesn't [inaudible] how severely. Can you find some more to the severity of the problem. . . . show me where they're talking about objective findings about the severity. Does it make the patient - - I mean, show me something physical, okay?" Tr. 60-61.

Plaintiff contends the ALJ should have sent the post-hearing evidence to Dr. Vu because it addresses his questions about objective evidence regarding mast cell activation syndrome. ECF No. 13 at 6-7. Plaintiff also suggests Dr. Vu's testimony indicates a lack of understanding about mast cell activation syndrome since he did not identify it as a severe impairment. ECF No. 13 at 7. The Court agrees. Dr. Vu did not assess any limitations arising from mast cell activation syndrome or even identify it as a severe impairment, which is inconsistent with the evidence and the ALJ's own findings.[3] Included in the record reviewed by Dr. Vu was Dr. Cunningham's progress note dated May 28, 2013, which indicates his assessment was "[c]linical findings consistent with mast cell activation syndrome" as well as a discussion of those findings. Tr. 491-92. The post-hearing evidence further explains the condition and suggests Dr. Vu's questions about objective findings could be answered by reviewing such evidence. Since Dr. Vu's opinion is inconsistent with evidence in the record, and because the ALJ relied on it in part in finding Plaintiff not disabled, the decision is based on an ambiguity in the

---

[3] Although the ALJ assigned significant weight to Dr. Vu's opinion, the ALJ also noted, "the residual functional capacity assessed in this decision is more limited than that of Dr. Vu as I find that this is more consistent with the claimant's level of functioning." Tr. 32.

evidence. Thus, the matter must be remanded for an updated opinion from Dr. Vu or another qualified medical expert based on the additional evidence regarding mast cell activation syndrome.[4]

*2.  Donna Veraldi, Ph.D.*

Plaintiff contends the ALJ should have sent counseling records to the psychological expert, Dr. Veraldi, and should have requested an updated opinion. ECF No. 13 at 8-9. Dr. Veraldi testified there is evidence of attention deficit disorder, depression, and anxiety disorder in the record. Tr. 65-66. She testified Plaintiff can perform simple, routine, repetitive tasks; he can maintain attention and concentration for two-hour intervals between regularly scheduled breaks; he might have a problem with pace but there is no mental health condition preventing him from being productive enough to maintain a job; and he should avoid the general public but can have superficial, non-collaborative-type interactions with coworkers as long as they are in small groups. Tr. 69-70.

However, at the hearing, it came out that Plaintiff had participated in counseling for two years, although none of those treatment records had been

---

[4] Plaintiff also contends Dr. Vu's testimony as to equivalence at step three was inadequate. ECF No. 13 at 7. Regardless, on remand, the ALJ should ensure substantial evidence supports the step three finding.

REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

provided to the ALJ or Dr. Veraldi. Tr. 64-65. When Dr. Veraldi was informed that Plaintiff had sought treatment but the records were not part of case file, she said, "that does sort of leave me at a loss, 'cause this is a person who seeks counseling, and the counseling would give us some idea of sort of current functioning." Tr. 65. Regarding Plaintiff's depression, Dr. Veraldi testified, "[s]o it is possible with medication and, apparently, the long-term counseling is stabilizing that. It is hard for me to know without maybe seeing the counseling records." Tr. 66. She agreed that the most recent counseling records would helpful in fully assessing Plaintiff's mental health condition. Tr. 72.

At the conclusion of the hearing, the ALJ stated, "[h]opefully [counsel] can get those records from the Counseling Center to me before I get this decision issued, and then I'll have an opportunity to review those as part of my decision." Tr. 92. Indeed, Plaintiff provided the ALJ with counseling records from the Walla Walla Department of Human services for December 2012 to June 2014. Tr. 697-776. Plaintiff argues that, in light of Dr. Veraldi's comments that it is "hard for me to know" (Tr. 66) and that she was "sort of at a loss" (Tr. 65) regarding functional limitations without seeing the counseling records, the ALJ should have forwarded the records to Dr. Veraldi for an updated opinion. ECF No. 13 at 8-9; ECF No. 17 at 2. Defendant argues the ALJ reasonably determined Dr. Veraldi's opinion was

consistent with the record, including the counseling records submitted after the hearing.  ECF No. 16 at 14; Tr. 32.

The Court agrees with Plaintiff.  An ALJ is not free to ignore a medical expert's equivocation or concern about the lack of a complete record upon which to assess an impairment, nor may the ALJ ignore a specific recommendation that a more detailed report be obtained from a treating provider.  *See Tonapetyan*, 242 F.3d at 1150–51.  Dr. Veraldi specifically stated that the counseling records would help her make an accurate functional assessment and suggested that her findings were speculative without them.  As such, as Plaintiff suggests, the ALJ should have developed the record by forwarding the counseling records to Dr. Veraldi and obtaining an updated opinion regarding Plaintiff's mental health limitations.  On remand, the ALJ should obtain an updated opinion from Dr. Veraldi or another qualified expert.

The Court concludes that in light of the foregoing, a new sequential evaluation is necessary on remand to take into account the updated expert opinions and any additional relevant evidence.  Additionally, evidence submitted to the Appeals Council clarifying the opinion of C. Barton Moore, M.D., should be considered by the ALJ throughout the sequential evaluation. Tr. 811.  As such, the Court declines to reach Plaintiff's other assignments of error.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. On remand, the ALJ shall develop the record by obtaining updated medical and psychological expert evidence based on the full record and any additional relevant evidence, as is appropriate. The ALJ shall conduct a new sequential evaluation based on the newly developed record. Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, be GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 16, be DENIED.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within **fourteen (14)** days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within **fourteen (14)** days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to enter this Report and Recommendation, forward a copy to counsel, and **SET A CASE MANAGEMENT DEADLINE ACCORDINGLY.**

DATED August 14, 2017.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE